# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF NEW YORK
# CENTRAL ISLIP DIVISION

| | | |
|---|---|---|
| SOLAMED O2, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 19-cv-5762-JMA-ARL |
| | ) | |
| v. | ) | |
| | ) | |
| AIRGAS USA, LLC, | ) | Jury Trial Demanded |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ANSWER TO AMENDED COUNTERCLAIM

Plaintiff/Counterclaim-Defendant, Solamed O2, LLC, ("Solamed"), by and through its attorneys, Nathan & Kamionski LLP, hereby responds to the August 23, 2021 Amended Counterclaim (the "Counterclaim") of Defendant/Counterclaim-Plaintiff, Airgas USA, LLC, ("Airgas"), as follows:

1. Solamed admits only that Airgas supplied gas products under a Product Sales Agreement ("PSA"), as later modified by the parties. Solamed denies the remaining allegations in paragraph 1 of the Counterclaim.

2. Solamed denies the allegations in Paragraph 2 of the Counterclaim. Further, the allegations of paragraph 2 state legal conclusions for which no response is required and as such, are deemed denied.

3. Solamed admits only that it entered into a Product Sales Agreement with Airgas in September 2009, as later modified by the parties. Solamed denies the remaining allegations in paragraph 3 of the Counterclaim.

4. Solamed admits the allegations in paragraph 4 of the Counterclaim.

1

5. Solamed denies the allegations in paragraph 5 of the Counterclaim as stated. By way of further answer, Solamed admits that the PSA states that following the initial term the PSA "thereafter shall automatically renew for successive two (2) year terms unless terminated upon not less than thirty (30) days written notice by either party prior to either: (a) the end of the initial term, or; (b) the end of any renewal term, as the case may be."

6. Solamed denies the allegations in paragraph 6 of the Counterclaim. By way of further answer, Solamed admits that the PSA states: "Terms of payment are Net 30 Days. In the event Buyer fails to make any payment when and as due, Seller may charge Buyer six percent (6%) interest per annum calculated from and excluding the due date thereof to and including the date of payment."

7. Solamed admits only that the PSA states: "Seller shall maintain records of cylinder deliveries and returns hereunder, and shall charge the Buyer demurrage or rental at the Seller's standard published rate." Solamed denies the remaining allegations in paragraph 7 of the Counterclaim.

8. Solamed admits only that the PSA states: "Buyer shall return, in good condition, all cylinders, complete with caps and fittings and shall pay Seller the replacement value of any lost or damaged cylinders, caps or fittings." Solamed denies the remaining allegations in paragraph 8 of the Counterclaim.

9. Solamed denies the allegations in paragraph 9 of the Counterclaim.

10. Solamed denies the allegations in paragraph 10 of the Counterclaim.

11. Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 11 of the Counterclaim.

12. Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 12 of the Counterclaim.

13. Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 13 of the Counterclaim.

14. Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 14 of the Counterclaim.

15. Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 15 of the Counterclaim.

16. Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 16 of the Counterclaim.

17. Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 17 of the Counterclaim.

18. Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 18 of the Counterclaim.

19. Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 19 of the Counterclaim.

20. Solamed denies the allegations in paragraph 20 of the Counterclaim.

21. Solamed admits it did not always pay Airgas within 30 days but denies the remaining allegations in paragraph 21 of the Counterclaim.

22. Solamed denies the allegations in paragraph 22 of the Counterclaim.

23. Solamed denies the allegations in paragraph 23 of the Counterclaim.

24. Solamed admits that it had discussions with Airgas during early 2019 but denies the remaining allegations in paragraph 24 of the Counterclaim.

25. Solamed denies the allegations in paragraph 25 of the Counterclaim.

26. Given the ambiguity of the allegations set forth in paragraph 26 of the Counterclaim, Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 26 of the Counterclaim.

27. Solamed admits that Airgas sent correspondence dated April 22, 2019, the contents of which speaks for itself, but denies the remaining allegations in paragraph 27 of the Counterclaim.

28. Solamed admits that Airgas sent correspondence dated April 22, 2019, the contents of which speaks for itself, but denies the remaining allegations in paragraph 28 of the Counterclaim.

29. Solamed denies the allegations in paragraph 29 of the Counterclaim. Further, the allegations of paragraph 29 state legal conclusions for which no response is required and as such, are deemed denied.

30. Solamed denies the allegations in paragraph 30 of the Counterclaim.

31. Solamed denies the allegations in paragraph 31 of the Counterclaim. Further, the allegations of paragraph 31 state legal conclusions for which no response is required and as such, are deemed denied.

32. Solamed admits that Airgas sent correspondence dated May 14, 2019, the contents of which speaks for itself. Solamed denies the remaining allegations in paragraph 32 of the Counterclaim. Further, the allegations of paragraph 32 state legal conclusions for which no response is required and as such, are deemed denied.

33. Solamed denies the allegations in paragraph 33 of the Counterclaim. Further, the allegations of paragraph 33 state legal conclusions for which no response is required and as such, are deemed denied.

34. Solamed denies the allegations in paragraph 34 of the Counterclaim. Further, the allegations of paragraph 34 state legal conclusions for which no response is required and as such, are deemed denied.

35. Solamed denies the allegations in paragraph 35 of the Counterclaim.

36. Solamed denies the allegations in paragraph 36 of the Counterclaim.

37. Solamed denies the allegations in paragraph 37 of the Counterclaim.

38. Solamed denies the allegations in paragraph 38 of the Counterclaim.

39. Solamed denies the allegations in paragraph 39 of the Counterclaim.

40. Solamed denies the allegations in paragraph 40 of the Counterclaim.

41. Solamed denies the allegations in paragraph 41 of the Counterclaim.

42. Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 42 of the Counterclaim.

43. Solamed denies the allegations in paragraph 43 of the Counterclaim.

44. Given the ambiguity of the allegations set forth in paragraph 21 of the Counterclaim, Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 21 of the Counterclaim.

45. Solamed denies the allegations in paragraph 45 of the Counterclaim.

46. Given the ambiguity of the allegations set forth in paragraph 46 of the Counterclaim, Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 46 of the Counterclaim.

47. Solamed admits that Airgas sent correspondence dated April 22, 2019, the contents of which speaks for itself. Solamed denies the remaining allegations in paragraph 47 of the Counterclaim.

48. Solamed admits that Airgas sent correspondence dated April 22, 2019, the contents of which speaks for itself. Solamed denies the remaining allegations in paragraph 48 of the Counterclaim.

49. Solamed admits only that it made payments of approximately $244,618 between September 13 – 24, 2019. Solamed denies the remaining allegations in paragraph 49 of the Counterclaim.

50. Solamed denies the allegations in paragraph 50 of the Counterclaim.

51. Solamed admits that Airgas insisted on payment terms of cash on delivery plus $1,000 for each delivery. Solamed denies the remaining allegations in paragraph 51 of the Counterclaim.

52. Solamed denies the allegations in paragraph 52 of the Counterclaim.

53. Solamed denies the allegations in paragraph 53 of the Counterclaim.

54. Solamed denies the allegations in paragraph 54 of the Counterclaim. Further, the allegations of paragraph 54 state legal conclusions for which no response is required and as such, are deemed denied.

55. Solamed denies the allegations in paragraph 55 of the Counterclaim. Further, the allegations of paragraph 30 state legal conclusions for which no response is required and as such, are deemed denied.

56. Solamed denies the allegations in paragraph 56 of the Counterclaim.

57. Solamed admits that Airgas sent correspondence dated October 31, 2019, the contents of which speaks for itself. Solamed denies the remaining allegations in paragraph 57 of the Counterclaim.

58. Solamed denies the allegations in paragraph 33 of the Counterclaim. Further, the allegations of paragraph 33 state legal conclusions for which no response is required and as such, are deemed denied.

59. Solamed denies the allegations in paragraph 59 of the Counterclaim. Further, the allegations of paragraph 59 state legal conclusions for which no response is required and as such, are deemed denied.

60. Solamed incorporates its responses to all prior paragraphs of the Counterclaim as if fully set forth herein.

61. Solamed admits that the PSA, as later modified by the parties, was a valid and binding agreement between Airgas and Solamed. Solamed denies the remaining allegations in paragraph 61 of the Counterclaim.

62. Solamed denies the allegations in paragraph 62 of the Counterclaim. Further, the allegations of paragraph 62 state legal conclusions for which no response is required and as such, are deemed denied.

63. Solamed denies the allegations in paragraph 63 of the Counterclaim. Further, the allegations of paragraph 63 state legal conclusions for which no response is required and as such, are deemed denied.

64. Solamed denies the allegations in paragraph 64 of the Counterclaim. Further, the allegations of paragraph 64 state legal conclusions for which no response is required and as such, are deemed denied.

65. Solamed denies the allegations in paragraph 65 of the Counterclaim. Further, the allegations of paragraph 65 state legal conclusions for which no response is required and as such, are deemed denied.

66. Solamed denies the allegations in paragraph 66 of the Counterclaim. Further, the allegations of paragraph 66 state legal conclusions for which no response is required and as such, are deemed denied.

67. Solamed incorporates its responses to all prior paragraphs of the Counterclaim as if fully set forth herein.

68. Solamed admits only that the PSA, as later modified by the parties, was a valid and binding agreement between Airgas and Solamed. Solamed denies the remaining allegations in paragraph 68 of the Counterclaim.

69. Solamed denies the allegations in paragraph 69 of the Counterclaim. Further, the allegations of paragraph 69 state legal conclusions for which no response is required and as such, are deemed denied.

70. Solamed denies the allegations in paragraph 70 of the Counterclaim.

71. Solamed denies the allegations in paragraph 71 of the Counterclaim.

72. Solamed denies the allegations in paragraph 72 of the Counterclaim.

73. Solamed incorporates its responses to all prior paragraphs of the Counterclaim as if fully set forth herein.

74. Solamed denies the allegations in paragraph 74 of the Counterclaim.

75. Solamed denies the allegations in paragraph 75 of the Counterclaim.

76. Solamed denies the allegations in paragraph 76 of the Counterclaim.

77. Solamed lacks sufficient knowledge or information to either admit or deny the allegations in paragraph 77 of the Counterclaim.

78. Solamed denies the allegations in paragraph 78 of the Counterclaim.

79. Solamed denies the allegations in paragraph 79 of the Counterclaim.

80. Solamed denies the allegations in paragraph 80 of the Counterclaim.

81. Solamed denies the allegations in paragraph 81 of the Counterclaim.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

82. The Counterclaim fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

83. Defendant/Counterclaim-Plaintiff's claims are barred for failure to plead adequate facts to support its claims against Solamed.

### THIRD AFFIRMATIVE DEFENSE

84. Defendant/Counterclaim-Plaintiff's claims are barred by the doctrines of waiver and estoppel.

### FOURTH AFFIRMATIVE DEFENSE

85. Defendant/Counterclaim-Plaintiff's claims are barred by the statute of limitations

### FIFTH AFFIRMATIVE DEFENSE

86. Defendant/Counterclaim-Plaintiff's claims are barred by Airgas's inequitable and/or wrongful conduct, and unclean hands.

### SIXTH AFFIRMATIVE DEFENSE

87. Defendant/Counterclaim-Plaintiff's claims are barred because any damages allegedly suffered by Defendant/Counterclaim-Plaintiff were the result of Airgas's own actions and/or omissions.

### SEVENTH AFFIRMATIVE DEFENSE

88. Defendant/Counterclaim-Plaintiff's claims are barred because any damages allegedly suffered by Defendant/Counterclaim-Plaintiff were the result of actions or inaction by third parties, and not by Plaintiff/Counterclaim-Defendant.

### EIGHTH AFFIRMATIVE DEFENSE

89. Defendant/Counterclaim-Plaintiff's claims are barred by Airgas's prior material breach of contract.

### NINTH AFFIRMATIVE DEFENSE

90. Defendant/Counterclaim-Plaintiff's claims are barred in whole or in part for failure to mitigate damages.

### TENTH AFFIRMATIVE DEFENSE

91. Defendant/Counterclaim-Plaintiff's claims, and any recovery sought thereunder, are barred by set-off of amounts Airgas owes to Solamed.

### ELEVENTH AFFIRMATIVE DEFENSE

92. Defendant/Counterclaim-Plaintiff's claims are barred because Solamed has not breached the PSA or any other contract or agreement with Airgas.

### TWELFTH AFFIRMATIVE DEFENSE

93. Defendant/Counterclaim-Plaintiff's claims are barred by the terms of the agreements between the parties.

### THIRTEENTH AFFIRMATIVE DEFENSE

94. Defendant/Counterclaim-Plaintiff's claims are barred because any alleged conduct by Solamed that purportedly violated the PSA was justified.

### FOURTEENTH AFFIRMATIVE DEFENSE

95. Defendant/Counterclaim-Plaintiff's claims are barred because they are vexatious, brought in bad faith, and/or brought solely for the purpose of harassment. Solamed is therefore entitled to attorneys' fees as a result of this action.

### FIFTEENTH AFFIRMATIVE DEFENSE

96. Defendant/Counterclaim-Plaintiff's claims are barred because it fraudulently concealed the amount of missing cylinders it now claims missing throughout the duration of its business relationship with Plaintiff/Counterclaim Defendant.

### SIXTEENTH AFFIRMATIVE DEFENSE

97. Defendant/Counterclaim-Plaintiff's claims are barred by the reason of Doctrine of Laches.

### SEVENTEENTH AFFIRMATIVE DEFENSE

98. Solamed reserves the right to amend and/or supplement this Answer to assert any additional defenses based upon the discovery of additional facts ascertained through continuing and ongoing investigation and discovery in this action.

**WHEREFORE**, Solamed respectfully requests that the Court dismiss Airgas's Amended Counterclaim in its entirety with prejudice and enter such other and further relief as this Court deems just and proper, including attorneys' fees and costs.

Dated: September 15, 2021

Respectfully submitted,

/s/ Shneur Z. Nathan (NY Att. No. 4733010)
Shneur Z. Nathan
Nathan & Kamionski LLP
33 W. Monroe, Suite 1830
Chicago, Illinois 60603
(312) 612-1955 Direct Phone
snathan@nklawllp.com

**Certificate of Service**

I, Shneur Z. Nathan, an attorney, hereby certify that on September 15, 2021, I caused a copy of the foregoing document to be filed with the Court's CM/ECF system, which send an electronic copy of the same to all counsel of record.

s/ Shneur Z. Nathan